IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) | JURY TRIAL DEMAND |
| MINT JULEP RESTAURANT OPERATIONS, ) LLC, d/b/a CHEDDAR'S CASUAL CAFE ) Defendant. ) _____) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Christy Jones, Shounteil Haywood and a class of female employees who were adversely affected by such practices. As alleged with greater particularity in paragraph(s) 13, 15, and 17 below, the Commission alleges that Defendant Mint Julep Restaurant Operations, LLC, d/b/a Cheddar's Casual Café, subjected Ms. Jones, Ms. Haywood, and a class of female employees to sexual harassment.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Western Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Mint Julep Restaurant Operations, LLC ("Defendant Employer"), has continuously been a Kentucky limited liability company doing business in the State of Tennessee and the City of Memphis, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than 30 days prior to the institution of this lawsuit, Ms. Jones filed a charge with the Commission alleging violations of Title VII by defendant.

7. On September 30, 2014, the Commission issued to Defendant Employer a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant Employer to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

8. The Commission engaged in communications with Defendant Employer to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9. The Commission was unable to secure from Defendant Employer a conciliation agreement acceptable to the Commission.

10. On April 29, 2015, the Commission issued to Defendant Employer a Notice of Failure of Conciliation.

11. All conditions precedent to the initiation of this lawsuit have been fulfilled.

12. Since at least February 2012, Defendant Employer has engaged in unlawful employment practices at its Memphis, Tennessee restaurant, in violation of Section 703 of Title VII, 42 U.S.C. 2000(e)-2(a).

13. The unlawful employment practices involved subjecting Ms. Jones to unwelcome sexual harassment because of her sex, female.

  a. Defendant hired Ms. Jones as a Hostess on or about February 9, 2012.

  b. At the time, Ms. Jones was 18 years old.

  c. Ms. Jones worked at the Memphis, Tennessee's Winchester Road restaurant.

  d. General Manager Michael Taylor supervised Ms. Jones.

  e. Taylor was then 44 years old.

  f. The Commission alleges Taylor made lewd and obscene comments and gestures of a sexual nature to Ms. Jones.

  g. Among other things, Taylor would emulate oral sex and talk about Ms. Jones' virginal status.

    h. Taylor would intentionally stand behind Ms. Jones with his penis touching Jones' backside. When Ms. Jones would ask Taylor to move, Taylor would say, "You can't handle all this Big Daddy."

    i. The unwelcome sexual harassment was sufficiently severe or pervasive to alter the terms and conditions of Ms. Jones' employment by creating a sexually hostile work environment.

    j. Ms. Jones complained about the harassment to the Assistant Manager who responded that Defendant Employer had chastised Taylor about similar behavior in the past.

    k. Defendant Employer failed to take prompt and appropriate remedial measures to protect Ms. Jones from sexual harassment.

14. The effect of the practices complained of in paragraph 13 has been to deprive Ms. Jones of equal employment opportunities and to otherwise adversely affect her employment because of her sex, female.

15. The unlawful employment practices involved subjecting Ms. Haywood to unwelcome sexual harassment because of her sex, female.

    a. Defendant Employer hired Ms. Haywood as a Server on or about February 10, 2012.

    b. Ms. Haywood also worked at the Memphis, Tennessee Winchester Road restaurant.

    c. Bar Manager Michael Boyce supervised Ms. Haywood.

    d. After about a year, Boyce began harassing Haywood.

    e. Boyce would whisper to Ms. Haywood, among other things, "I want to fuck the shit out of you," and "When you are around me, your nipples get hard."

    f. Boyce would also hug Ms. Haywood around her waist from behind, brush up against her breasts, stick his tongue in her ear, grab her buttocks, pull up her apron to touch her vagina, and pull his pants tight to show the print of his penis.

    g. Boyce complained to the General Manager about Boyce's harassment.

    h. The General Manager and Manager witnessed the harassment but did not do anything to stop the harassment.

    i. Ms. Haywood complained to Defendant Employer, in writing, that Boyce was treating her unfairly because she refused to sleep with him.

    j. Defendant Employer failed to take prompt and appropriate remedial measures to protect Ms. Haywood from sexual harassment.

16. The effect of the practices complained of in paragraph 15 has been to deprive Ms. Haywood of equal employment opportunities and to otherwise adversely affect her employment because of her sex, female.

17. The unlawful employment practices involved subjecting other female employees to unwelcome sexual harassment because of their sex, female.

    a. General Manager Taylor promised female employees promotions or pay increases for sexual favors.

    b. Taylor would provide female employees with unwelcome kisses, caresses and hugs.

    c. Taylor made requests to female employees for sex, oral sex and hotel rendezvous.

    d. Taylor commented about female employees' "fat pussy," their need for "some dick" and asked if they "sold ass."

    e. Bar Manager Boyce attempted to grope, touch, and kiss another female employee.

    f. Boyce requested that another female employee meet him behind the restaurant so that he could fondle her.

    g. Defendant Employer maintained a culture that permitted sexual conversations and jokes.

    h. Other female employees complained to Defendant Employer about the sexual harassment.

18. Defendant Employer failed to take prompt and appropriate remedial measures to protect its female employees from sexual harassment. The unlawful employment practices complained of in paragraphs 13, 15 and 17 were intentional.

19. The unlawful employment practices complained of in paragraphs 13, 15 and 17 were done with malice or with reckless indifference to the federally protected rights of Ms. Jones, Ms. Haywood, and class of female employees.

PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from

engaging in harassment and any other employment practice which discriminates on the basis of sex, female.

B.     Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant Employer to make whole Ms. Jones, Ms. Haywood, and other female employees whom Defendant Employer subjected to sexual harassment, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 13, 15 and 17 above, including, in amounts to be determined at trial.

D.     Order Defendant Employer to make whole Ms. Jones, Ms. Haywood, and a class of female employees whom Defendant Employer subjected to sexual harassment, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 13, 15 and 17 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

E.     Order Defendant Employer to pay Ms. Jones, Ms. Haywood, and a class of female employees who were subjected to sexual harassment, punitive damages for its malicious and reckless conduct, as described in paragraphs 13, 15 and 17 above, in amounts to be determined at trial.

F.     Grant such further relief as the Court deems necessary and proper in the public interest.

G.     Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

s/ Faye A. Williams (with permission MKS)
FAYE A. WILLIAMS
Regional Attorney
Tennessee Bar No. 011730

s/ Gerald L. Thornton (with permission MKS)
GERALD L. THORNTON
Supervisory Trial Attorney
Tennessee Bar No. 015898

s/ Markeisha K. Savage
MARKEISHA K. SAVAGE
Trial Attorney
Tennessee Bar. No. 024693

EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
1407 Union Avenue, Ste. 900
Memphis, TN  38104
Telephone:     (901) 544-0133
markeisha.savage @eeoc.gov